**In re Donald F. JOHNSON and Cynthia A. Johnson, Debtors.**

**William G. Schwab, Trustee for Donald F. Johnson and Cynthia A. Johnson, Plaintiff,**

**v.**

**Franklin U.S. Government Securities Series—Class A and Franklin Templeton Corporate Services, Inc., Defendants.**

**and**

**Mary Bollman, Intervening Defendant.**

**Bankruptcy No. 5–99–02978.
Adversary No. 5–00–00018A.**

United States Bankruptcy Court, M.D. Pennsylvania.

July 13, 2001.

William G. Schwab, Lehighton, PA, trustee.

David J. Harris, Wilkes–Barre, PA, for Mary Bollman.

Christine A. Padgett, San Mateo, CA, for defendants.

Michael G. Oleyar, West Hazleton, PA, for debtors.

## *OPINION*

JOHN J. THOMAS, Bankruptcy Judge.

The Trustee, William Schwab, has filed a Complaint against Franklin U.S. Government Securities Series—Class A and Franklin Templeton Corporate Services, Inc., ("Franklin"), seeking turnover of a jointly owned fund titled in the name of the Debtor, Cynthia A. Johnson, and her mother, Mary Bollman. Mary Bollman has intervened in the lawsuit claiming that the fund in question, approximately $70,000 in securities, is solely her monies and is titled jointly as a matter of convenience. The Intervenor argues that the Court is bound by the Uniform Multiple–Person Accounts Act (MPAA), adopted in Pennsylvania as 20 Pa.C.S.A. § 6301 et seq., to conclude that the fund is the sole property of Mary Bollman as the only depositor on the joint account.

Section 6303(a), adopted in 1976, reads, as follows: "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent."

■ The Trustee claims that the Court is not bound by the MPAA inasmuch as the act specifically limits it applicability "solely to the determination of property rights among parties to multiple-party accounts and all claims made through them, but do not apply to and do not affect financial institutions or their rights and liabilities with respect to multiple-party accounts, which shall be determined exclusively by applicable law other than this chapter. No right or claim against a fi-

nancial institution may be based on this chapter. . . ." The Trustee maintains that Franklin, if it can be considered a financial institution, is the original named defendant in this turnover action and, therefore, the MPAA does not apply to the disposition of this case. With the intervention of Mary Bollman, it becomes clear that the real parties in interest are the Trustee of Cynthia A. Johnson and Mary Bollman. Franklin is no more than a stakeholder and has admitted as much in the pleadings. (See Answer and Appearance Pursuant to Stipulation and Order Thereon, filed July 3, 2000 (Doc. # 17A).) In fact, this litigation is between the co-owners of the shares. The Trustee, as a successor to the rights of the Debtor, is bound by the MPAA.

■ Having disposed of this preliminary issue, I turn to the pivotal controversy in this case. In 1992, Mary Bollman deposited funds, received from a death benefit on her late husband, into an account with the Franklin group of funds and titled that account in the joint names of herself and her daughter, Cynthia A. Johnson. Nevertheless, Mary Bollman asserts that the monies remained hers since she never intended to give Ms. Johnson any portion thereof.

The Trustee argues that the MPAA does not apply because the fund does not fit within the definition of "account" set forth in the MPAA under 20 Pa.C.S.A. § 6301. The MPAA defines "account" as "a contract of deposit of funds between a depositor and a financial institution, and includes a checking account, saving account, certificate of deposit, share account and other like arrangements." The Trustee maintains that Franklin is not a financial institution, but rather a "mutual fund corporation" or, more specifically, an investment company and, thus, not the proper subject of the MPAA.

The term "financial institution" is defined by the MPAA as "any organization authorized to do business under State or Federal laws relating to financial institutions, including, without limitation, banks and trust companies, savings banks, building and loan associations, savings and loan companies or associations and credit unions." It is true that investment companies are not one of the enumerated examples of financial institutions set out in the MPAA. Nonetheless, one Pennsylvania county court has examined this specific issue and concluded that the MPAA applies to shares of stock in a mutual fund. *Geertson v. McCrea*, 37 Pa.D. & C.3d 583 (1983). There is a certain logic to the application of the Act to such an "account".

I note that the Pennsylvania legislature has enacted this law on the assumption that "a person who deposits funds in a multiple-party account normally does not intend to make an irrevocable gift of all or any part of the funds represented by the deposit. Rather, he usually intends no present change of beneficial ownership." Official Comment to 20 Pa.C.S.A. § 6303. In this case, the Intervenor has produced significant and compelling evidence that the transfer was effectuated as a convenience to herself and without the intent to make a gift.

While the term "financial institution" may not be inherently ambiguous, within the context of its description as "any organization authorized to do business under State or Federal laws related to financial institutions," a certain ambiguity may be implied, since the definition of "financial institution" incorporates, by implication, the state or federal law definition of financial institution.

For example, no one questions that the Defendants are authorized to do business under State or Federal law. More specifically, Franklin is operating under the Investment Company Act of 1940 (54 Stat.

789, 15 U.S.C. § 80a–1 et seq.). As to whether Franklin is included within the ambit of "financial institution," I turn to no less a revered authority on the definition of legal terms than Black's Law Dictionary. Included within the definition of "financial institution" in the 6th Edition of Black's Law Dictionary is investment companies (referencing 31 U.S.C.A. § 5312).

Any initial ambiguity created by relying on the term "financial institution" to define what is a financial institution can be dismissed by the legislative intent suggested by the Official Comment to which I earlier alluded. The Pennsylvania legislature was clearly attempting to address the very situation that is here present, i.e., an individual who has placed her money into joint names without the intent to effect a present gift.

In short, I have no reluctance in holding that the MPAA binds the Trustee and allows me to conclude that the entire fund sought by the Trustee is beneficially owned by the Intervenor, Mary Bollman.

An Order will follow.